UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VALENTINO FACEY,<br>    Plaintiff,<br><br>    v.<br><br>THOMAS DICKHAUT, ANTHONY<br>MENDONSA, and R. RAYMOND,<br>    Defendants. | )<br>)<br>)<br>)  C.A. No. 11-10680-MLW<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    June 27, 2013

In this civil rights action filed by pro se plaintiff Valentino Facey, who is incarcerated, the court on September 25, 2012 allowed the defendants' motion to dismiss with respect to all claims except those asserted against defendants Anthony Mendonsa and R. Raymond in their individual capacities. See Sept. 25, 2012 Order. The court established a schedule for discovery and related matters. See id. The plaintiff has now moved for appointment of counsel. The defendants have moved for an order to take the deposition of plaintiff at MCI-Shirley. For the reasons discussed below, the plaintiff's motion is being denied without prejudice and the defendants' motion is being allowed.

I. BACKGROUND

The complaint, which was brought pursuant to 42 U.S.C. §1983, alleges that the defendants violated the plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when they knowingly placed him in danger by assigning him to a housing unit where members of a rival prison gang resided. See Complaint.

The complaint further alleges that plaintiff was violently attacked by members of the rival gang and, that as a result, plaintiff is now required to have a metal plate in his jaw for the rest of his life. See id.

II. DISCUSSION

    A. Motion to Appoint Counsel

On October 24, 2012, the plaintiff filed a motion for appointment of counsel, arguing that he is indigent and that he lacks a college education and knowledge of the law. See Motion for Appointment of Counsel (Docket No. 21).

A plaintiff in a civil case lacks a constitutional right to free counsel. DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991). Under certain circumstances, however, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). To qualify for appointed counsel in a civil case, a party must be indigent and "exceptional circumstances" must exist such that denial of counsel is "likely to result in fundamental unfairness impinging on [the party's] due process rights." See DesRosiers, 949 F.2d at 23. To determine whether exceptional circumstances exist justifying the appointment of counsel, the court must examine the total situation, with a focus on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. See id. at 24.

Here, the court previously allowed the plaintiff's motion to proceed in forma pauperis, see April 26, 2011 Order, so the plaintiff is indigent. The court has previously found that certain claims alleged by plaintiff in his complaint are sufficient to state a claim for relief under 42 U.S.C. §1983. See Sept. 25, 2012 Order. However, as evidenced by the defendants' motion to depose the plaintiff, discovery in this case is ongoing and it is not yet clear whether complex legal issues will be presented in a motion for summary judgment by either or both parties. Furthermore, the plaintiff's submissions thus far have been coherent, with citations to relevant legal authorities. See, e.g., Pl.'s Opp. to Mot. to Dismiss (Docket No. 14). A lack of formal legal training is not in itself sufficient to create exceptional circumstances justifying appointment of counsel. See Cookish v. Cunningham, 787 F.2d 1, 2-3 (1st Cir. 1986) (per curiam). Accordingly, the motion for appointment of counsel is being denied without prejudice to renewal if exceptional circumstances appear later in the litigation.

B. Motion for Order to Depose Plaintiff

On May 30, 2013, the plaintiffs filed a Motion for a Court Order to Depose the Plaintiff Incarcerated at MCI-Shirley (Docket No. 26). Plaintiff did not oppose the motion.

Under Federal Rule of Civil Procedure 30(a)(2)(B), "A party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the deponent is

confined in prison." Rule 26(b)(2) authorizes the court to set limits on discovery based on certain equitable concerns. See Fed. R. Civ. P. 26(b)(2); see also Gill v. Gulfstream Park Racing Ass'n, 399 F.3d 391, 399 (1st Cir. 2005) ("Under Rule 26, the trial court is required to balance the burden of proposed discovery against the likely benefit.").

Here, allowing the motion is consistent with Rule 26(b)(2) because the incarcerated person to be deposed is the plaintiff. Cf. Braham v. Lantz, No. 3:08CV1564, 2011 WL 4809032, at *1 (D. Conn. Oct. 11, 2011) (Martinez, M.J.) (denying without prejudice incarcerated plaintiff's motion to depose other incarcerated persons, in part because probative value was unclear). Accordingly, the motion is being allowed.

C. Scheduling Order.

The September 25, 2012 Scheduling Order required, among other things, that all discovery be complete by June 21, 2013. In light of the court's allowance of the defendants' motion to take plaintiff's deposition, the court is extending the date for the close of discovery to July 31, 2013. In view of the extension of the time to complete discovery, the related deadlines are revised as set forth in the order below.

III. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. The plaintiff's Motion to Appoint Counsel (Docket No. 21) is DENIED without prejudice.

2. The defendants' Motion to Enlarge Time in Which to Provide Plaintiff with Automatic Disclosure (Docket No. 25) is MOOT.

3. The defendants' Motion for a Court Order to Depose the Plaintiff Incarcerated at MCI-Shirley (Docket No. 26) is ALLOWED.

4. All discovery shall be complete by July 31, 2013.

5. The parties shall confer and, by August 9, 2013, file a report as to the prospects for settlement and whether any party feels there is a proper basis for filing a motion for summary judgment.

6. A scheduling conference will be held on August 16, 2013, at 3:30 p.m. and must be attended by trial counsel for defendants with full settlement authority or with their client(s). Arrangements will be made for Facey to attend or participate by videoconference. If appropriate, a schedule for filing motions for summary judgment will be established at this conference.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE