UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS

VALENTINO FACEY,

          *Plaintiff,*

v.                                                                                          Civil Action No. 1:11-10680-MLW

ANTHONY MENDONSA and
SGT. R. RAYMOND,

          *Defendants.*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE PORTIONS OF THE AFFIDAVIT OF ANTHONY MENDONSA**

    Plaintiff Valentino Facey ("Mr. Facey") respectfully submits this memorandum of law in support of his motion to strike certain paragraphs of the affidavit of Defendant Anthony Mendonsa ("Mendonsa Affidavit") pursuant to Federal Rule of Civil Procedure 56. This rule requires that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

    Mr. Mendonsa, who retired from the Massachusetts Department of Correction in June 2012, has submitted an affidavit that details events that allegedly took place within several Massachusetts prisons as recently as December 2013. He does not have personal knowledge of these events. Other paragraphs simply repeat prison reports regarding recent events about which Mr. Mendonsa similarly lacks personal knowledge. For these reasons, Mr. Facey has moved to strike paragraphs 12, 14, 15, 17, 18, 19, 20, 21, 26, and 31 of the Mendonsa Affidavit.

**I.     STANDARD OF LAW**

    Rule 56 makes clear that affidavits in support of summary judgment must be based on personal knowledge. Fed. R. Civ. P. 56(c)(4); *see also Perez v. Volvo Car Corp.*, 247 F.3d 303, 315 (1st Cir. 2001) ("personal knowledge is the touchstone"); *Fin. Res. Network, Inc. v. Brown*

*& Brown, Inc.*, 867 F. Supp. 2d 153, 171 (D. Mass. 2012) (where an affidavit "includes such conclusory statements not based upon personal knowledge, those statements will be given no weight" and are stricken by the court). Statements made on information and belief rather than on personal knowledge cannot be used to support a motion for summary judgment. *Perez*, 247 F. 3d at 315. Similarly, affidavits in support of summary judgment must "set out facts that would be admissible in evidence," Fed. R. Civ. P. 56(c)(4), and must "show affirmatively that the affiant is competent to testify to the matters stated therein." *Hoffman v. Applicators Sales and Serv., Inc.*, 439 F.3d 9, 16 (1st Cir. 2006). Accordingly, an affidavit in support of summary judgment "must concern facts as opposed to conclusions, assumptions, or surmise," *Perez,* 247 F.3d at 316, and not conclusory allegations. *Lopez-Carrasquillo v. Rubianes,* 230 F.3d 409, 414 (1st Cir. 2000).

## II.   THE MENDONSA AFFIDAVIT

Mr. Mendonsa worked for the Massachusetts Department of Correction from July 13, 1978 until his retirement. (Mendonsa Aff. ¶ 1). He served as the Deputy Superintendent of Classification and Treatment at the Souza Baranowski Correctional Center ("SBCC") from May 2005 until September 11, 2011 when he was appointed Superintendent of SBCC. *(Id.)* He retired from the Department on June 30, 2012. (*Id.*)

The Mendonsa Affidavit was "[s]igned under the pains and penalties of perjury this 15th day of January, 2014," (*id.* at p. 16), and states that it is "based on my personal knowledge, and review of records kept in the usual course of business of the MA DOC." (*Id.* at ¶ 2.) However, Mr. Mendonsa has not provided any information to explain how he would have personal knowledge of events at SBCC or other Massachusetts prisons after his retirement.

Paragraphs 12, 14, 15, 17, 18, 19, 20, 21, 26, and 31 of the Mendonsa Affidavit discuss events or count the number of events that took place in whole or in part after Mr. Facey's retirement from the Department of Correction. For example:

- Paragraph 12: "Facey has been counseled on at least seven (7) difference occasions [regarding the procedure to report conflicts] . . . This occurred during: . . . on July 31, 2013, when he was transferred to a restrictive housing unit (Ten Block) at MCI-Cedar Junction . . . ."

- Paragraph 14: "Facey has been placed, on thirteen (13) different occasions, into the Special Management Unit . . . ."

- Paragraph 15: "On 7/31/12, inmate Facey received a d-report for kicking his door into alarm and disrupting the orderly running of the institution."

- Paragraph 17: "On 5/9/13, Facey was transferred to MCI-Shirley. Within 3 weeks of his arrival at MCI-Shirley, Facey received another disciplinary report for fighting."

- Paragraph 18: "Again, two months later, on 7/29/13, Facey was again involved in a group fight at MCI-Shirley outside in the common walkway . . . ."

- Paragraph 19: "on 7/31/13, Facey was transferred to MCI-Cedar Junction and housed in Ten Block . . . ."

- Paragraph 20: "After completing his SMU placement at SBCC [in 2013] and as noted on his Inmate Bed Management List, Facey would have been placed into an Orientation Unit in order to reintegrate him back into SBCC."

- Paragraph 21: "*As of today*, Facey continues to acknowledge that he was and remains a member of the Bloods . . . *As recently as December 4, 2013*, at dinnertime, while in the M-2 housing unit . . . Facey exchanged closed-fisted punches with another inmate . . . ." (emphasis added).

- Paragraph 26: "Facey was placed on the South side of SBCC no less than five difference occasions from his arrival there on October 7, 2008 until October 8, 2013."

- Paragraph 31: "Facey has never informed the Department of Correction or SBCC who his enemies are . . ."

### III. ARGUMENT

The paragraphs in question are rife with detailed discussion of events about which Mr. Mendonsa could not have had personal knowledge. For example, given his retirement in 2012,

3

how could he have *personal knowledge* that "as of today" Mr. Facey remains a member of the Bloods gang? (*See* Mendonsa Aff. ¶ 21). Likewise, how could Mr. Mendonsa have *personal knowledge* of events that occurred in May 2013 at MCI-Shirley, a separate prison from the one at which Mr. Mendonsa worked until his retirement in 2012? (*See* id. at ¶ 17); *see also Maiorana v. MacDonald,* 596 F.2d 1072, 1080 (1st Cir. 1979) ("To begin with, the plaintiff's statements were not made 'on personal knowledge' since she did not witness the events."). Finally, given that he retired in 2012, how can Mr. Mendonsa know that Mr. Facey "has never informed the Department of Corrections" who his enemies are or with whom he has conflicts? (*See id.* at ¶ 31).

Some – but not all[1] – of these purported facts appear to be based not on personal knowledge but rather on a review of prison records, including disciplinary reports prepared in anticipation of use in administrative disciplinary hearings. Accordingly, the paragraphs in question are unacceptable pursuant to Rule 56. *See Maiorana*, 596 F.2d at 1080 (striking statements in affidavit that were "purportedly based upon testimony [affiant] heard at an inquest and on an autopsy report.") "Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment." *Vazquez v. Lopez-Rosario*, 134 F.3d 28, 33 (1st Cir.1998). Even if these disciplinary reports were themselves admissible, Mr. Mendonsa's affidavit parroting their review of incidents about which he has no personal knowledge adds nothing. The Court can read the reports as well as Mr. Mendonsa can, and Mr. Mendonsa is not in a position to verify the authenticity of reports that were issued long after his retirement from the Department of Correction.

---

[1] For example, the Disciplinary Report cited in Paragraph 21 does not indicate that "[a]s of today, Facey continues to acknowledge that he was and remains a member of the Bloods . . . ." (*Compare* Mendonsa Aff. *Exhibit H* with Mendonsa Aff. ¶ 21.)

## IV. CONCLUSION

For the reasons set forth above, the Court should strike paragraphs 12, 14, 15, 17, 18, 19, 20, 21, 26, and 31 of the Mendonsa Affidavit.

Respectfully Submitted,

For Valentino Facey

/s/ Matthew L. Knowles
Anthony A. Bongiorno (BBO #554356)
Victoria E. Thavaseelan (BBO #666384)
Matthew L. Knowles (BBO #678935)
MCDERMOTT WILL & EMERY LLP
28 State Street
Boston, Massachusetts 02109
Telephone: +1 617 535 4000
Fax: +1 617 535 3800

E-mail: abongiorno@mwe.com
vthavaseelan@mwe.com
mknowles@mwe.com

Date: February 14, 2014

### Certificate of Service

I certify that this document, filed through the Court's ECF system, will be sent electronically to the registered participants in this matter as identified on the Notice of Electronic Filing.

Date: February 14, 2014        /s/ Matthew L. Knowles
                               Matthew L. Knowles (BBO #678935)